```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                         ALEXANDRIA DIVISION


MARIE COOK MARCOTTE             CIVIL ACTION NO. 10-1186

VERSUS
                                DISTRICT JUDGE DEE D. DRELL
UNUM LIFE INSURANCE
  COMPANY OF AMERICA            U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

## REPORT AND RECOMMENDATION

This Employees Retirement Income Security Act ("ERISA") case, 29 U.S.C.1001 et seq., is referred to me by the district judge for Report and Recommendation. The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order [Doc. #7].

## Facts

Claimant, Marcotte, worked as a phlebotomist at Avoyelles Hospital and alleges she was injured in an automobile accident in September 2003, suffering neck and back injuries.

Plaintiff filed a claim for disability benefits on March 12, 2004 with Unum, the insurer and administrator of plaintiff's employer's disability plan. Following review by an in-house physician, the claim was approved in June, 2004. The doctor agreed with plaintiff's treating physician that she had herniated cervical discs and required a two-level anterior cervical discectomy and

fusion. Unum continued to monitor the claim, obtaining, with some difficulty, and with less than full cooperation of the claimant, the medical records from claimant's numerous doctors who treated her over the ensuing years.

Because, under the Plan, the definition of disability changed after a two year period to an "any occupation" definition, UNUM began re-reviewing the claim in 2005 under the new definition. At one point in 2006 benefits were temporarily suspended in order to gain the assistance of plaintiff in updating her medical information and records. In approximately 2007, UNUM learned that Social Security benefits had been approved for claimant.

In 2008, surgery was still being recommended for plaintiff, but had not been performed. She was referred to Dr. Bharat Guthikonda, a neurosurgeon in Shreveport. In April, 2009, UNUM received records from the doctor indicating that he had performed surgery on the plaintiff and that he expected she would be released to return to work after a three month recovery period.

After repeated attempts to obtain updated restrictions from Marcotte, without success, UNUM decided to terminate benefits on July 29, 2009, after confirming that plaintiff's treating physicians were not placing restrictions on her that would prevent work. A letter dated July 29, 2009 was mailed to claimant explaining the reasons for termination and stating that an appeal must be filed within 180 days of receipt of the letter and that claimant could

submit additional medical information for consideration, but that doing so would not extend the time for filing an appeal. On November 16, 2009, Dr. Guthikonda sent UNUM a letter stating that plaintiff could not work, but containing no additional medical information or explanation for his conclusion. Unum advised plaintiff to appeal the decision and to submit additional medical information substantiating the doctor's opinion. The specific address to which to mail the appeal was provided.

On December 21, 2009, within the 180 day period for filing an appeal, UNUM received a letter from claimant's attorney, Beau Layfield. The letter stated, in pertinent part, "please provide Ms. Marcotte with her disability benefits immediately or I will be forced to file suit on behalf of my client." UNUM responded and again suggested that an appeal be filed.

On May 19, 2010, Layfield , by letter, requested an appeal. UNUM promptly advised the attorney that the appeal was filed too late, that is, not within the 180 day period. Suit was filed on July 23, 2010.

## Standard of Review

In accordance with this court's standing ERISA Case Order, the parties agree that the Group Long Term Disability Plan issued by defendant is an employee welfare benefit plan, as defined by the provisions of ERISA, and that this case is governed by ERISA and that all state law claims are preempted. The parties also agree

that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plan and to make findings of fact and determine eligibility for benefits. Both Claimant and Defendant agree that the administrative record is complete.

## **The Plan**

The disability plan provides that an employee is disabled if she is prevented by injury or sickness from performing the duties of any gainful occupation for which she is reasonably fitted by education, training or experience. An employee is required to provide continuing proof of disability.

## **Analysis**

Defendant, UNUM, makes two arguments: first, that Marcotte failed to timely exhaust her administrative remedies, and, second, that UNUM did not abuse its discretion in determining that plaintiff's physical limitations did not prevent her from engaging in gainful employment.

### Exhaustion of administrative remedies

Exhaustion of administrative remedies is a prerequisite to an ERISA action in federal court. See Bourgeois v. Pension Plan, 215 F.3d 475 (5th C. 2000).

There is no question that there was an attempt to appeal after the 180 day period which was too late. However, plaintiff argues

that her attorney's letter of December 21, 2009 constituted an appeal. However, the letter only threatens to file suit. The letter evinces no intent to appeal.

In <u>Swanson v. Hearst Corp</u>., 586 Fed.3d 1016, (5th C. 2009), the Fifth Circuit examined the question of when a letter serves as an appeal. In that case, plaintiff's counsel sent a letter as notice of plaintiff's "intention to appeal" the decision. The court affirmed the district judge's ruling that the letter merely expressed an intention to appeal but did not serve as an appeal. The court noted that the letter contained no factual or substantive arguments and no evidence. Thus there was nothing for the insurer to consider on appeal, based on the letter.

A similar result obtains here, for counsel's letter did not even express an intention to appeal, but only contained a threat that suit would be filed. Similarly, the letter contained no facts, no argument and no evidence on which an appeal could be considered. Indeed, the letter was not even mailed to the correct address for appeals. Claimant and her attorney had been told more than once to file an appeal and the proper method for doing so but the warnings were ignored.

<u>Abuse of discretion</u>

Because the administrative remedies were not timely complied with this court has no jurisdiction to hear the appeal and defendant's second argument, therefore, need not be addressed.

5

### Conclusion

Because the prerequisite to filing suit, exhaustion of administrative remedies, was not complied with, this court may not consider plaintiff's appeal. Therefore, IT IS RECOMMENDED that plaintiff's appeal be DENIED and the case dismissed.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 15th day of September, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE